786 So.2d 6 (2000)
William ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2871.
District Court of Appeal of Florida, Fourth District.
December 6, 2000.
*7 Richard F. Della Fera of Entin, Margules & Della Fera, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Appellant, William Anderson, was tried by jury and convicted of racketeering, conspiracy to racketeer, organized scheme to defraud, and communications fraud, all arising out of his activities with a telemarketing firm. On appeal, Anderson argued that the trial court erred in denying his motion for judgment of acquittal and refusing to allow his telemarketing expert to testify concerning "custom and usage" in the industry. We affirm the denial of Anderson's motion for judgment of acquittal, but we find that the trial court's failure to permit the expert testimony in this case was an abuse of discretion and the error was not harmless.
All Global Enterprises Corporation (Global) represented itself as a business engaged in finding overseas jobs for its customers. Global advertised its services in newspapers, inducing potential clients to call and talk to Global's telemarketers. The telemarketers gave the callers a sales pitch in an attempt to solicit $295 in exchange for the possibility of finding them an overseas job. Clients soon discovered that Global had no intention of finding them jobs. Anderson worked as a telemarketer for Global and claimed he did not know Global was really running a scam. Another employee of Global testified, however, that Anderson informed the other telemarketers that he made contact with a person in Mexico who would confirm job availability for them if they reimbursed this contact person weekly for his services. In addition, a client testified that Anderson directed him to call this contact person, and the contact person falsely told him he had jobs available in Mexico. The State *8 also presented evidence that when potential clients called, Anderson would tell them he was going to check the computer for job listings when in actuality no computer existed.
At trial, the State presented evidence that Global's telemarketers used scripts and false names when talking with potential clients. Michael Gershkoff, Global's manager, testified to the effect that false names were used when a telemarketer knew they were doing something wrong. In addition, during closing arguments, the State presented the use of scripts and false names in a bad light by discussing them in line with other actions Global and its employees allegedly took to try to avoid having their scheme discovered or to avoid being tracked down by disgruntled clients.
Anderson wanted to have his telemarketing expert, Clarence Smith, testify that scripts and false names were a common practice in the legitimate telemarketing field to dissipate the State's attachment of negative connotations to their use. This court has previously determined that there are four requirements for deciding the admissibility of expert testimony:
(1) that the opinion evidence be helpful to the trier of fact; (2) that the witness be qualified as an expert;[[1]] (3) that the opinion evidence can be applied to evidence offered at trial; and (4) that evidence, although technically relevant, must not present a substantial danger of unfair prejudice that outweighs its probative value.
Holiday Inns, Inc. v. Shelburne, 576 So.2d 322, 335 (Fla. 4th DCA), dismissed, 589 So.2d 291 (Fla.1991). The trial judge refused to permit Smith to testify, finding that the first of these requirements was not met and citing McMullen v. State, 714 So.2d 368 (Fla.1998), and Johnson v. State, 438 So.2d 774 (Fla.1983).
The trial court's ruling in this evidentiary matter is reviewed on appeal for an abuse of discretion. See McMullen, 714 So.2d at 371. We find that the trial court did abuse its discretion in failing to permit Anderson to provide expert testimony on the use of scripts and fictitious names in the telemarketing industry. An ordinary person, unfamiliar with industry practices, would not know that scripts and false names are generally an accepted practice in the telemarketing field. In view of the negative "spin" Global's manager and the State in closing argument put on the use of scripts and false names, the expert testimony was relevant.
Under State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986), it can not be said that there was "no reasonable possibility that the error contributed to the conviction." The jury heard the State's negative connotations and the testimony of Michael Gershkoffboth of which could have led the jurors to determine Anderson knew of Global's scheme and was an active participant.
Accordingly, we reverse appellant's convictions and remand for a new trial.
REVERSED and REMANDED. POLEN and TAYLOR, JJ., concur.
NOTES
[1] Because the trial court determined that the witness would not be allowed to testify at all, the court never made an express finding on the record that the witness was qualified as an expert in the field. Based on our review of the predicate laid for the expert's qualifications, we cannot affirm on the alternate ground that the trial court would probably have excluded the evidence on that basis. Nevertheless, on re-trial, a proper predicate for the witness' expert qualifications must be laid and accepted by the trial court prior to the witness testifying as an expert.